JOTHAM BIXBY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15577. Promulgated November 13, 1928.

*Ralph W. Smith, Esq.*, and *Sherman Jones, Esq.*, for the petitioner.
*I. R. Blaisdell, Esq.*, for the respondent.

OPINION.

Marquette: At the hearing in this case the petitioner abandoned its claim that the respondent erred in disallowing as a deduction from gross income the special assessment taxes paid by it in the year 1921 to the City of Los Angeles. The respondent's determination as to that item is therefore approved.

In the petition filed herein it is alleged that about the year 1902 the petitioner acquired from Jotham Bixby certain property of the value of $1,052,352.50, for which it issued to Bixby its capital stock of the par value of $750,000; that it is entitled in computing its invested capital to capital stock of $750,000, and paid-in surplus of $302,552.50, and that the respondent erred in excluding therefrom the amount of $1,003,951.65. The only evidence introduced by the petitioner as to this issue was the testimony of a single witness in an attempt to show that the witness had participated in an appraisal of certain lands in Orange County, California, in the year 1918, in an effort to fix the values of said lands as of 1902. The witness was permitted to read into the record a list of land descriptions in Orange County, California, together with certain figures alleged to represent the

valuation placed thereon by the witness. The total amount of these valuations is $64,296. The petitioner has wholly failed to prove the number of shares of capital stock if any, which it issued, or the par value of the same, and what, if any, property was paid into the petitioner for stock. There is nothing in the pleadings or the evidence from which we can make even a findings of fact as to this issue. The petitioner has wholly failed to substantiate the allegations of the petition and we can, therefore, only affirm the respondent's determination.

On the third issue our decision is in favor of the petitioner. We have heretofore held in *L. S. Ayers & Co.; 1 B. T. A. 1135*, that the invested capital of a corporation may not be reduced in determining the extent to which a dividend is paid from current earnings of a year, by a " tentative tax " theoretically set aside out of such earnings pro rata over such year, because the income and profits tax does not become due and payable and, therefore, does not accrue, until the following year. The rule announced in the *Ayers* case applies to the present proceeding.

*Judgment will be entered under Rule 50.*